UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE No. 8:04-CR-330-T-30TGW

SAMEEH HAMMOUDEH

_____

REPORT AND RECOMMENDATION

Defense counsel Daniel Hernandez has submitted a CJA voucher seeking compensation totaling $30,582.59 for his legal representation of the defendant in this case.[1]  This matter was referred to me to conduct a hearing and issue a report and recommendation concerning the reasonableness of the amount requested (Doc. 145).  For the following reasons, I find that the sum requested is reasonable under the circumstances and, accordingly, recommend that the CJA voucher be approved for the full amount.

I.

Sameeh Taha Hammoudeh and his wife were indicted on August 4, 2004, and charged with multiple violations of federal law related to

---

[1] The sum requested by Hernandez in the CJA voucher was $30,506.09, but adjustments were made by court personnel which resulted in a grand total of $30,582.59.

knowingly making materially false statements to federal agencies regarding their employment and immigration status, falsely minimizing income on their income tax returns, fraudulently presenting claims for earned income credits to the Internal Revenue Service, and the commission of mail and wire fraud in connection with false statements made in mortgage applications (Doc. 1). Daniel M. Hernandez was appointed as the defendant's counsel under the Criminal Justice Act, 18 U.S.C. 3006A et seq. (Docs. 13, 16). Ultimately, the defendant pled guilty before me on February 22, 2005, to three of the fourteen counts alleged against him in the indictment (see Docs. 107, 117).[2] That plea was accepted by United States District Judge James S. Moody, Jr., on March 10, 2005, and judgment was entered against the defendant (Docs. 124, 144).

On July 13, 2005, Hernandez submitted his claim for compensation for legal work and expenses related to this matter (CJA voucher TPA 2005-268). After court adjustments, the grand total is $30,582.59, which is comprised of $30,402 for legal work and expenses totaling $180.59. In support of the requested fee, counsel submitted a "Memorandum in Support

---

[2]The defendant pled guilty to conspiracy to defraud the United States, making a false statement to the Immigration and Naturalization Service, and filing a false tax return for 1998 (Doc. 107).

of Court-Appointed Attorney's Fees Exceeding $5,200" and In Court and Out of Court Hourly Worksheets.

As indicated, this matter has been referred to me for an assessment of the reasonableness of the amount of the fee requested (Doc. 145). A hearing was subsequently held, at which Daniel Hernandez and Assistant United States Attorney Terry Zitek appeared.

II.

The attorney's fee of $30,402 represents 337.8 hours of legal work in this case during the time period from August 19, 2004, until June 3, 2005, at an hourly rate of $90.00. This figure consists of 6.2 hours of in-court time and 331.6 hours of out-of-court time.

The in-court time is documented as to each court appearance, and is unquestionably reasonable. Furthermore, other than the discovery aspect of this case, which is addressed separately below, counsel's out-of-court time appears reasonable on its face. Thus, excluding discovery, counsel spent a total of 119.8 hours on the categories of legal research and writing, interviews and conferences, travel time, and investigative work. All of this legal work, moreover, is sufficiently set forth in the timesheets.

The only problematic category identified in the timesheets is "Obtaining and reviewing records" (CJA voucher, 7/13/05). Specifically, those time entries entitled "Review file, discovery," or the like, total approximately two hundred hours, and defense counsel failed to itemize with any particularity the tasks performed.[3] However, at the hearing, Hernandez explained that a substantial portion of the hours billed for discovery were related to reviewing documentation from the Al-Arian case (Case No. 8:03-Cr-77-T-30TBM) for the purpose of defending Hammoudeh in this case. In this connection, Hernandez stated that his client had given him specific information from the Al-Arian case which appeared relevant to rebut the allegations of criminal intent in this matter. Hernandez stated further that he had no reason to dismiss his client's leads in this regard, as Hammoudeh was an intelligent client with a great deal of knowledge regarding the Al-Arian discovery, to which Hernandez was not privy.

The Government indicated at the hearing that counsel's review of Al-Arian discovery seemed unnecessary to defend this case. Thus, it is the

---

[3] Hernandez pointed out during the hearing that this approach to documentation of legal work in the criminal arena has been acceptable for many years. In a civil context, however, that approach likely would be deemed insufficient.

-4-

Government's position that this case was simple, and that there was "very little overlap" with Al-Arian. Further, the Government stated that it had attempted to cull any information germane from the Al-Arian case and provide it in this case.

However, as Hernandez pointed out, he was not obligated to ignore his client's information based on the Government's opinion that the Al-Arian discovery was not relevant to the defense. Furthermore, Hernandez explained during the hearing that there was Al-Arian discovery that overlapped with issues presented in this case. For example, Hernandez stated that there were recorded telephone calls from the Al-Arian case that mentioned Hammoudeh's work, which could have had a bearing on whether Hammoudeh misrepresented his job status, as alleged in this case.

In sum, there is no question that Hernandez performed the legal work for which he seeks compensation, and that his review of discovery from the Al-Arian matter was for the purpose of defending his client in this case. Moreover, based on the information he was receiving from his client – an individual he perceived as both very intelligent and very knowledgeable about

the facts of this case – Hernandez did not act unreasonably in reviewing the <u>Al-Arian</u> discovery as urged by his client.

Further, Hernandez has impressed me not only as a competent lawyer, but as a very efficient one. Consequently, I think that he did not pad his hours by performing unnecessary work.

For the foregoing reasons, I recommend that the CJA voucher submitted by Hernandez for legal work performed in this case be approved for the full amount of $30,582.59.

Respectfully submitted,

DATED: NOV. 10, 2005

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).